**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**MOHAMMED SHEDLY LOUATI**
*Plaintiff, Pro Se,*

v.

**TOWN OF BROOKLINE, et al.**
*Defendants.*

**Civil Action No.** 1:25-cv-11998-WGY

---

**PLAINTIFF'S OMNIBUS MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST THE TOWN OF BROOKLINE PURSUANT TO FRCP 55(b)(2) AND FOR CERTIFICATION UNDER FRCP 54(b)**

Now comes the Plaintiff, Mohammed Shedly Louati, proceeding *pro se*, and respectfully moves this Honorable Court to enter a Default Judgment against Defendant, the Town of Brookline, pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff further requests that the Court certify this judgment as final pursuant to Rule 54(b) and schedule an evidentiary hearing to assess damages. In support of this Motion, Plaintiff states as follows:

1. On September 8, 2026, Magistrate Judge Jennifer C. Boal entered an Electronic Order granting Plaintiff's motion for clerk's entry of default against Defendant Town of Brookline. The Clerk officially recorded the **Clerk's Entry of Default** on the same day (**Docket No. 63**).
2. In that same order, the Court denied entry of default against the individual police officer Defendants due to defective workplace service under Rule 4(e)(2). Concurrently, the Court entered its **Standing Order on motions for default judgment (Docket No. 64)**.

**3.** On September 9, 2026, in strict compliance with the Court's guidance, Plaintiff filed a Motion for Extension of Time to Effect Service on the Individual Defendants (**Docket No. 66**), seeking 120 days to properly effect personal or abode service on the remaining unserved officers.

**4.** Because the Town of Brookline was properly served under Rule 4(j)(2) and has completely failed to plead, answer, or otherwise defend this action, its default is absolute. Under federal law, the Town has legally admitted all well-pleaded factual allegations in Plaintiff's First Amended Complaint, establishing municipal liability under *Monell*.

**5.** As set forth herein, the Town of Brookline acknowledged Plaintiff's pre-suit claim on July 29, 2024; suspended communications in August 2024; ignored Plaintiff's February 21, 2025 ultimatum; was properly served with process on September 17, 2025; and has failed to respond for over 300 days. The Town is a sophisticated municipal corporation with legal counsel; its default is willful and should not be set aside.

**6.** To prevent severe procedural delay while service is being completed on the individual officers, Plaintiff requests that the Court enter a default judgment on liability against the Town and certify it as a final, appealable judgment under Rule 54(b).

**7.** Because the damages sought involve unliquidated claims—including permanent loss of lifetime professional earning capacity contractually locked under public schedules, future medical treatments, and the direct, traumatic onset of a disabling seizure disorder verified by a parallel federal agency record—Plaintiff requests that this Court schedule an evidentiary hearing under Rule 55(b)(2)(B) to formalize the **$50,000,000 financial award**.

**WHEREFORE**, Plaintiff Mohammed Shedly Louati respectfully requests that this Court grant this Motion, enter a default judgment on liability against the Town of Brookline, certify the order under Rule 54(b), and schedule an evidentiary prove-up hearing to assess damages.

Respectfully submitted,

*/s/ Mohammed Shedly Louati*

**Mohammed Shedly Louati**
*Plaintiff, Pro Se*
51 Egmont Street, APT 4
Brookline, MA 02446
(617) 586-6756 | mslouati@msn.com

**Dated:** September 11, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on this **11th day of September, 2026**, a true and correct copy of the foregoing **Omnibus Motion for Default Judgment, Memorandum of Law**, **Statistical Calculation Table**, **Motion for Judicial Notice**, and **[Proposed] Order** was filed electronically with the Clerk of Court using the Court's CM/ECF system.

**I further certify that:**

1. The Defendant Town of Brookline has defaulted and has not entered an appearance through legal counsel on the court docket (**Docket No. 63**).
2. The individual police officer Defendants have not yet been legally served, and their service timeline is subject to a pending Motion for Extension of Time filed on September 9, 2026 (**Docket No. 66**).
3. Because no counsel of record has appeared for any party, separate physical or electronic delivery of this motion is not required at this time under the Federal Rules of Civil Procedure. The Court's CM/ECF system will automatically provide electronic notice of this filing to any party who subsequently enters an appearance in this action.

Dated: September 11, 2026

Respectfully submitted,

*/s/ Mohammed Shedly Louati*

**Mohammed Shedly Louati**
*Plaintiff, Pro Se*
51 Egmont Street, APT 4
Brookline, MA 02446
(617) 586-6756 | mslouati@msn.com

**Dated:** September 11, 2026